Robert R. Ahdoot, CA Bar No. 172098
rahdoot@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, California 90024
Tel: (310) 474-9111
Fax: (310) 474-8585

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOHAIL MAHBOUBIAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FRONTIER COMMUNICATIONS CORPORATION, a Delaware Corporation, and FRONTIER COMMUNICATIONS OF AMERICA, INC., a Delaware Corporation,<br><br>Defendants. | Case No. 2:20-cv-01255<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Sohail Mahboubian ("Plaintiff"), by and through his counsel, bring this Class Action Complaint against Defendants Frontier Communications Corporation ("Frontier") and Frontier Communications of America, Inc. ("FCA") (collectively, "Defendants"), individually and on behalf of all others similarly situated, and allege, upon personal knowledge as to his own actions and his counsel's investigations, and upon information and belief as to all matters, as follows:

## SUMMARY OF THE ACTION

1. Defendant Frontier Communications Corporation is one of the largest telecommunications providers in the United States. Frontier provides high-speed Internet, video, TV & phone services (the "Services") to residential and business customers.

2. Defendant Frontier Communications of America, Inc. operates as a subsidiary of Frontier. FCA provides long distance and Internet services. FCA executed a contract with Plaintiff for provision of high-speed internet and telecommunications services.

3. Upon information and belief, Defendants are alter egos of each other. Frontier, as the parent corporation, owns all or most of the stock of FCA. Frontier and FCA have common directors, officers, and employees. For example, the CEO of Frontier is Daniel McCarthy, located at 401 Merritt 7 Norwalk, CT 06851.[1] The CEO of FCA was also Daniel McCarthy, located at 401 Merritt 7 Norwalk, CT 06851.[2]

4. In an effort to induce consumers to avail of or continue to avail of its Services, Defendants orally offer consumers certain promotions, deals or discounts, in the form of "bundles" with respect to the Services.

---

[1] California Secretary of State, Business Entity Database, *available at* https://businesssearch.sos.ca.gov/Document/RetrievePDF?Id=03303507-26539386.

[2] *Id.*

5.  Defendants represent that Services will be provided at a particular price when this is in fact false.

6.  Defendants repeatedly fail to honor such promotions, deals or discounts, and instead charge consumers prices for Services which are different, and which are much higher than what Defendants originally offer, and what consumers agree to. As a result, consumers who avail of Defendants' Services incur charges over and above what they expected and consented to.

7.  Consumers are unaware of Defendants' practice unless and until after the fact, when they recognize billing errors or discrepancies in their billing statements.

8.  And where consumers attempt to resolve such billing errors or discrepancies, Defendants routinely engage in the practice of intentionally failing to resolve consumer complaints about their billing statements.

9.  Plaintiff is a consumer harmed by Defendants' failure to honor the terms of such promotions, deals or discounts, and Defendants' practice of intentionally failing to resolve billing errors or discrepancies. Plaintiff seeks to represent himself as well as a class of all other nationwide consumers similarly situated to whom Defendants offered promotions, deals or discounts at a particular price, which Defendants did not honor. On behalf of all similarly situated nationwide consumers, Plaintiff seeks declaratory and injunctive relief requiring Defendants to cease offering consumers promotions, deals or discounts, which Defendants do not intend to honor, and an award of damages to the Class members, together with costs and reasonable attorneys' fees.

**PARTIES**

10.  Plaintiff Sohail Mahboubian is an individual and a resident of Los Angeles, California.

11.  Defendant Frontier Communications Corporation is a Delaware corporation with its principal place of business located and headquartered in 401 Merrit 7 Norwalk, CT 06851.

12. Defendant Frontier Communications of America, Inc. is a subsidiary of Defendant Frontier, with its principal place of business also located and headquartered in 401 Merrit 7 Norwalk, CT 0685.

13. Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendants and/or Defendants' employees, agents, and/or third parties acting on their behalf, each acting for the agent for the other, with legal authority to act on the other's behalf. Any acts of any and all of Defendants' employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendants.

14. Plaintiff is informed and believes, and thereon alleges, that Defendants are in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all its employees, agents, and/or third parties acting on its behalf, in proximately causing the damages alleged herein.

15. At all relevant times, Defendants ratified each and every act or omission complained of herein. At all relevant times, Defendants aided and abetted the acts and omissions as alleged herein.

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d)(2), in that the matter is a class action wherein the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and members of the Class are citizens of states different from Defendants.

17. This Court has personal jurisdiction over Defendants because Defendants provided Services to Plaintiff in the Central District of California and because Defendants conduct substantial business in the Central District of California.

18. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this action occurred in this District.

## FACTUAL BACKGROUND

19. In April 2016, Frontier Communications Corporation announced completion of its acquisition of Verizon Communications, Inc.'s ("Verizon") wireline operations that provided services to residential, commercial and wholesale customers in California, Texas, and Florida for an astounding $10.54 billion.[3]

20. The acquired businesses included approximately 3.3 million voice connections, 2.1 million broadband connections, and 1.2 million FiOS® video subscribers, as well as related incumbent local exchange carrier businesses.

21. While the deal to acquire Verizon was made final in early 2016, many customers say they're still having trouble with the handoff—many months later.

22. Prior to April 2017, Plaintiff contracted with Verizon for the provision of telecommunication services.

23. On or around April 26, 2017, before Plaintiff's contract with Verizon was set to expire, Defendants orally offered to provide Plaintiff with the same services that were provided to Plaintiff in his contract with Verizon.

24. Specifically, Defendants orally offered Plaintiff a 2-year deal for the provision of high-speed internet and two telephone lines at a price of $89.99/month. Defendants represented that this new price would be effective as of Plaintiff's new billing cycle.

25. Defendants represented that Plaintiff's main telephone line would be "unlimited" (*i.e.*, Plaintiff would be billed a fixed rate regardless of the number and

---

[3] "Frontier Communications Completes Acquisition of Verizon Wireline Operations in California, Texas and Florida," *available at* https://www.businesswire.com/news/home/20160401005508/en/Frontier-Communications-Completes-Acquisition-Verizon-Wireline-Operations (last visited, January 30, 2020)

length of calls made) and that Plaintiff's other telephone line would be charged on a per call basis.

26. Based on Defendants' representations, Plaintiff executed a contract between himself and Defendant FCA, for provision of high-speed internet and telephone services on or around April 28, 2017. The contract consisted of a standard form contract called the Frontier Services Agreement ("Agreement") with an attached Frontier FiOS Data Schedule ("Schedule"). The Agreement *does not* contain an arbitration provision. *See* Exhibit ("Ex.") A, attached hereto.

27. Despite Defendants' representations, Plaintiff was charged a price that was different, and much higher than what Defendants originally offered, and what Plaintiff agreed to.

28. Plaintiff was unaware that Defendants deliberately switches assignment of the default position of the telephone lines so that the main line, which Plaintiff and all others similarly situated automatically use before using alternate back up phone lines, would be charged on a per call basis, as opposed to being charged on the promotion that was originally promised. As a result, Plaintiff incurred costs over and above what he originally agreed to.

29. Upon learning that the services were priced higher than Plaintiff anticipated, Plaintiff began to try to resolve the issue with Defendants. However, even after Plaintiff brought the overcharges to Defendants' attention through multiple phone calls and e-mails with Defendants' representatives, Defendants have refused to correct billing errors and discrepancies.

30. The Agreement requires disputes between the parties to first be resolved through good faith negotiation. After negotiating in good faith for a period of ninety days, "each party may seek resolution by exercising any rights or remedies available to either party at law or in equity." *See* Ex. A.

31.     After Defendants' representatives refused to correct billing errors and discrepancies in Plaintiff's billing statements, Plaintiff sent Defendants a demand letter on February 15, 2018.

32.     In response, Defendants asked Plaintiff for his account number, which Plaintiff provided *via* e-mail on March 5, 2018 per Defendants' request.

33.     Plaintiff has not heard back from Defendants since.

## CLASS ACTION ALLEGATIONS

34.     Plaintiff seeks relief in his individual capacity and as a representative of all other who are similarly situated. In accordance with Fed. R. Civ. P. 23, Plaintiff seeks to certification of a Nationwide Class (the "Class"), defined as follows:

> All persons residing in the United States who, between the applicable statute of limitations and the present, are current and former customers of Defendants, who were offered a particular price to avail of Defendants' telephone and/or internet services (the "Services"), but who were charged a price that was different from what was promised.

35.     Excluded from the Class are Defendants, including any entity in which Defendants have a controlling interest, is a parent or subsidiary, or which is controlled by Defendants, as well as the officers, directors, affiliates, legal representatives, heirs, predecessors, successors, and assigns of Defendants. Also excluded are the judges and court personnel in this case and any members of their immediate families.

36.     Plaintiff reserves the right to modify or amend the definition of the proposed Class if necessary before this Court determines whether certification is appropriate.

37.     <u>Numerosity</u>. Fed. R. Civ. P. 23(a)(1). The members of the Class are so numerous that joinder of all members is impractical. Upon information and belief, and subject to class discovery, the Class consists of thousands of members or more, the identity of whom are within the exclusive knowledge of and can be ascertained only by resort to Defendants' records. Defendants have the administrative capability through their computer systems and other records to identify all members of the Class, as such information is not otherwise available to Plaintiff.

38. <u>Commonality</u>. Fed. R. Civ. P. 23(a)(2) and (b)(3). There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class members. These common questions of law and fact include, without limitation:

   a. Whether Defendants engaged in unlawful, unfair or deceptive business practices in offering Services to Plaintiff and other Class members;
   b. Whether Defendants made misrepresentations with respect to their Services offered to Class members;
   c. Whether Defendants profited from the Services they offered to Class members;
   d. Whether Defendants violated California Bus. & Prof. Code § 17200, *et seq.*;
   e. Whether Plaintiff and Class members are entitled to equitable and/or injunctive relief;
   f. Whether Defendants' unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class members; and
   g. The nature of the relief, including equitable relief, to which Plaintiff and the Class members are entitled.

39. <u>Ascertainability</u>. All members of the proposed Class are readily ascertainable. Defendants have access to addresses and other contact information for all, or substantially all, members of the Class, which can be used for providing notice to many Class members.

40. <u>Typicality</u>. Fed. R. Civ. P. 23(a)(3). Plaintiff's claims are typical of those other Class members because the claims of Plaintiff and other Class members' claims are based on the exact same legal theories.

41. <u>Adequacy of Representation</u>. Fed. R. Civ. P. 23 (a)(4). Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff's counsel are competent and experienced in litigating class actions.

42. <u>Superiority of Class Action</u>. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members of the Class is impracticable. Furthermore, the adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting adjudication of the asserted claims. There will be no difficulty in the management of this action as a class action.

43. Damages for any individual class member are likely insufficient to justify the cost of individual litigation, so that in the absence of class treatment, Defendants' violation of law inflicting substantial damages in the aggregate would go un-remedied without certification of the Class.

44. Class certification is also appropriate under Fed. R. Civ. P. 23(a) and (b)(2), because Defendants have acted or have refused to act on grounds generally applicable to the Class, so that final injunctive relief or corresponding relief is appropriate as to the Class as a whole.

## FIRST CLAIM FOR RELIEF

**Violation of California Unfair Competition Law**

**Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL") – Fraudulent Prong**

45. Plaintiff incorporates the substantive allegations above as if fully set forth herein.

46. Defendants engaged in unfair, fraudulent and unlawful business practices in violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 1720, *et seq.*

47. Defendants' conduct described herein violates the UCL's "fraudulent" prong in the following respect, among others:

> Defendants' practice of making misrepresentations and untrue statements about the price of their Services, namely, Defendants offered Plaintiff Services at a particular price, which was different from the price Plaintiff was actually billed, and made false representations to Plaintiff and other putative Class members in order to solicit these transactions.

48. The acts, omissions, and conduct of Defendants as alleged constitutes a "business practice" within the meaning of the UCL.

49. Plaintiff suffered injury in fact and lost money or property as a result of Defendants' alleged violations of the UCL.

50. As a result of Defendants' violations of the UCL's "fraudulent" prong, Plaintiff and members of the Class have paid, and will continue to pay, unreasonably excessive amounts of money for Defendants' Services, and thereby have suffered and will continue to suffer actual damages.

51. Plaintiff seeks class-wide restitution and a public injunction under the UCL, which will prohibit Defendants from offering and then charging the excessive and unjust fees alleged herein.

## SECOND CLAIM FOR RELIEF

**Violation of California Unfair Competition Law**

**Cal. Bus. & Prof. Code § 17200 *et seq*. – Unfair and Unlawful Prongs**

52. Plaintiff incorporates the substantive allegations above as if fully set forth herein.

53. California Business & Professions Code § 17200 prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice." Defendant's conduct violates each of this statute's three prongs.

54. Defendants committed an unlawful business act or practice in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*

55. Defendants committed an unfair business act or practice by charging consumers much higher prices than it represented and offered to consumers.

56. As a direct and proximate result of the foregoing unlawful practices, Plaintiff and Class members suffered and will continue to suffer actual damages.

57. Plaintiff and the Class further seek an order enjoining Defendants' unfair or deceptive acts or practices, and an award of attorneys' fees and costs under Cal. Code of Civ. Proc. § 1021.5.

58. Plaintiff seeks class-wide restitution and a public injunction under the UCL, which will prohibit Defendants from offering consumers Services for a particular price and then later charging a different, much higher price.

### THIRD CLAIM FOR RELIEF

**Violation of the California Consumers Legal Remedies Act**

**Cal. Civ. Code §§ 1750, *et seq.* ("CLRA")**

59. Plaintiff incorporates the substantive allegations above as if fully set forth herein.

60. The CLRA proscribes "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale of goods or services to any consumer."

61. Defendants are "persons" within the meaning of the CLRA. Cal. Civ. Code §§ 1761(c).

62. Defendants provide "services" within the meaning of the CLRA. Cal. Civ. Code §§ 1761(a), (b).

63. Plaintiff and members of the Class are "consumers" within the meaning of the CLRA. Cal. Civ. Code §§ 1761(d).

64. Plaintiff and Class members are engaged in "transactions" with Defendants within the meaning of the CLRA. Cal. Civ. Code §§ 1761(e).

65. Defendants engaged in deceptive and unfair acts and practices, misrepresentations, and the concealment, suppression, and omission of material facts in connection with the sale of Defendants' Services.

66. Defendants' intended that Plaintiff and the Class rely on its deceptive and unfair acts and practices, misrepresentations, and the concealment, suppression, and omission of material facts, in connection with Defendants' offers of Services at particular price but later charging for Services for a different price, which more often that not, is much higher.

67. Defendants' wrongful practices violated the CLRA in the following manner:

    a. In violation of Section 1770(a)(7), Defendants represented that the Services were of a particular standard, quality, or grade . . . if they are of another (by representing that Services would be discounted, when they were not);

    b. In violation of Section 1770(a)(16), Defendants represented that the Services have been supplied in accordance with previous representations, when they were not (by representing that Services were discounted because discounts, deals or promotions would supposedly be applied);

    c. In violation of Section 1770(a)(17), Defendants represented that the consumer will receive a rebate, discount, or other economic benefit, if the earning of the benefit is contingent on an event to occur subsequent to the consummation of the transaction (by representing that the consumer receives a discount if it avails of the discounts, deals or promotions).

68. Defendants' wrongful practices occurred in the course of trade or commerce.

69. Defendants' wrongful practices were and are injurious to the public interest because those practices were part of a generalized code of conduct on the part of Defendants that applied to all Class members and were repeated continuously. All Class members have been adversely affected by Defendants' conduct and the public was and is at risk as a result thereof.

70. As a result of Defendants' wrongful conduct, Plaintiff and Class members lost property that they would not have lost had they been informed or knew that Defendants would not honor the oral representations they made.

71. Plaintiff sent a demand letter to Defendants *via* certified mail pursuant to the requirements of the CLRA on February 15, 2018, providing the notice required by Cal. Civ. Code § 1782(a).

72. Plaintiff seeks monetary damages against Defendants pursuant to Cal. Civ. Code §§ 1781 and 1782, as well as an order awarding costs of court and attorneys' fees under Cal. Civ. Code § 1021.5.

## FOURTH CLAIM FOR RELIEF

### Unjust Enrichment

73. Plaintiff incorporates the substantive allegations above as if fully set forth herein.

74. Defendants have crafted a scheme of orally offering consumers certain promotions, deals or discounts to induce consumers to avail or continue to avail of Defendants' services for a particular price, but later charging consumers prices that are different and are much higher than what Defendants originally offer.

75. Throughout this scheme, Defendants have been knowingly and unjustly enriched at the expense of and to the detriment of Plaintiff and Class members.

76. Plaintiff and the Class have conferred benefits upon Defendants through payment of overcharges. Defendants knowingly obtained these benefits without providing any value in exchange. Defendants' retention of these benefits is inequitable.

77. Plaintiff and the Class seek disgorgement of all monies received by Defendants as a result of overcharges.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class set forth herein, respectfully request that the Court order relief and enter judgment against Defendants as follows:

A.  An order certifying the proposed Class, appoint Plaintiff as class representative of the proposed Class and their undersigned counsel as Class counsel;

B.  A judgment declaring Defendants' conduct unlawful as alleged above;

C.  A judgment enjoining Defendants from continuing to offer promotions, deals and discounts that they do not intend to honor;

D.  Attorneys' fees, expenses, and the costs of this action; and

E. All other and further relief as the Court deems necessary, just, and proper.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a jury trial of his claims to the extent authorized by law.

Dated: February 7, 2020

Respectfully submitted,

_____
Robert R. Ahdoot, SBN 172098
*rahdoot@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, California 90024
Telephone: (310) 474-9111
Facsimile: (310) 474-8585

*Counsel for Plaintiff*

13
CLASS ACTION COMPLAINT
CASE NO. 2:20-cv-01255

# **AFFIDAVIT OF ROBERT AHDOOT**

I, Robert Ahdoot, declare as follows:

1. I am an attorney with the law firm of Ahdoot & Wolfson, PC, counsel for Plaintiff in this action. I am admitted to practice law in California and before this Court, and I am a member in good standing of the State Bar of California. This declaration is made pursuant to California Civil Code section 1780(d). I make this declaration based on my research of public records and upon personal knowledge and, if called upon to do so, could and would testify competently thereto.

2. Venue is proper in this Court because Plaintiff suffered injuries as a result of Defendants' acts in this District, many of the acts and transactions giving rise to this action occurred in this District, and Defendants (1) conduct substantial business in this District, (2) have intentionally availed itself of the laws and markets of California and this District through the provision of its services in this District, and (3) are subject to personal jurisdiction in this District.

3. Plaintiff Sohail Mahboubian is a citizen of California and a resident of the County of Los Angeles.

4. Defendant Frontier Communications Corporation is a Delaware corporation with its principal place of business located and headquartered in 401 Merrit 7 Norwalk, CT 06851.

5. Defendant Frontier Communications of America, Inc. is a subsidiary of Defendant Frontier. Defendant Frontier Communications of America, Inc. is a Delaware corporation with its principal place of business located in 401 Merrit 7 Norwalk, CT 06851.

I declare under penalty of perjury under the laws of the State of California this 7th day of February, 2020 in Los Angeles, California that the foregoing is true and correct.

Robert Ahdoot